FILED
2026 Sep-01 PM 03:54
U.S. DISTRICT COURT
N.D. OF ALABAMA



# UNITED STATES DISTRICT COURT

for the

Northern District of Alabama

__________ Division

FILED
2026 SEP -1 P 3:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

Nicole Chess LMFT

Plaintiff(s)

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

**-v-**

Nancy Buckner, Commissioner of Alabama DHR, et al.
(See Attached List on Form MC-025)

Defendant(s)

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

Case No. ____________________
*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☒ Yes ☐ No

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Non-Prisoner Complaint)

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Nicole Chess |
| Address | 1144 Pittsfield Ln, |
| | VENTURA (*City*) ca (*State*) 93001 (*Zip Code*) |
| County | VENTURA |
| Telephone Number | 4705913187 |
| E-Mail Address | nictherapist@gmail.com |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Jennifer Cortina |
| Job or Title *(if known)* | Client Representative, DeKalb County DHR (Criminal Justice Background |
| Address | 2301 Briarwood Ave S |
| | Fort Payne (*City*) AL (*State*) 35967 (*Zip Code*) |
| County | Dekalb |
| Telephone Number | |
| E-Mail Address *(if known)* | |

☑ Individual capacity ☑ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | Laura Garcia (or Morales) |
| Job or Title *(if known)* | Investigative Caseworker, DeKalb County DHR (Home Check Agent) |
| Address | 2301 Briarwood Ave S |
| | Fort Payne (*City*) Al (*State*) 35967 (*Zip Code*) |
| County | Dekalb |
| Telephone Number | |
| E-Mail Address *(if known)* | |

☑ Individual capacity ☑ Official capacity

Defendant No. 3

| | |
|---|---|
| Name | Jennifer Benefield |
| Job or Title *(if known)* | Social Worker; DeKalb County DHR |
| Address | 2301 Briarwood Ave S |
| | Fort Payne (*City*) Al (*State*) 35967 (*Zip Code*) |
| County | Dekalb |
| Telephone Number | |
| E-Mail Address *(if known)* | |

☑ Individual capacity ☑ Official capacity

Defendant No. 4

| | |
|---|---|
| Name | Kristen Richards |
| Job or Title *(if known)* | Social Worker, DeKalb County DHR |
| Address | 2301 Briarwood Ave S |
| | Fort Payne (*City*) Al (*State*) 35967 (*Zip Code*) |
| County | Dekalb |
| Telephone Number | |
| E-Mail Address *(if known)* | |

☑ Individual capacity ☑ Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☑ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

42 U.S.C. § 1983; Deprivation of fundamental parental rights, familial association, property interests, and procedural and substantive due process secured by the Fourteenth Amendment to the United States Constitution.

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

## III. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. Where did the events giving rise to your claim(s) occur?

The constitutional violations and unlawful blockades occurred within the educational institutions and social service offices of DeKalb County, Alabama, utilizing interstate wire communications originating from the State of California

B. What date and approximate time did the events giving rise to your claim(s) occur?

The systemic violations began on or about July 7, 2025, with continuous, ongoing deprivations extending through August 13, 2025, and persisting through the current filing date of August 25, 2026

C. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

The facts underlying these claims are set forth in full chronological detail on the attached pages incorporated herein. See attached Form MC-025, titled 'Section III.C: Master Evidentiary Statement of Facts.

## IV. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

As a direct and proximate result of the Defendants' unconstitutional actions, retaliatory conduct, and the execution of a parental blockade when no emergency existed, Plaintiff has suffered severe, ongoing, and debilitating injuries across multiple domains [1.2, 1.3]:1. EXACERBATION OF CLINICAL PTSD: The extreme psychological duress intentionally inflicted by the Defendants has severely exacerbated Plaintiff's pre-existing Post-Traumatic Stress Disorder (PTSD), causing severe nervous system dysregulation, chronic panic, and daily emotional distress.2. PROFOUND BETRAYAL TRAUMA: Plaintiff has sustained profound, institutional and relational betrayal trauma caused by the coordinated bad-faith actions of all systems involved, including local social services (DHR), public school administrative networks, and complicit private family proxies [1.2, 1.3].3. PHYSICAL AND NEUROLOGICAL INJURIES: The prolonged, high-conflict crisis and unconstitutional separation from her children have manifested in severe physical and neurological injuries, including advanced physical exhaustion, debilitating somatic stress responses, and intense exacerbation of chronic physical pain pathways.4. SEVERE EMOTIONAL AND MENTAL INJURIES: Plaintiff has suffered immense mental agony, profound shock, and deep psychological trauma arising directly from the sudden, forced separation from her children, which was executed as a direct act of malicious retaliation without due process of law

## V. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

Plaintiff requests immediate federal injunctive relief to completely dissolve the unconstitutional parental blockade, restore all legal and educational access keys, and awards actual, general, and punitive monetary damages against the individual Defendants for intentional, malicious civil rights violations under color of state law.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 08/25/2026

Signature of Plaintiff: Nicole Chess [Verified by pdfFiller 08/25/2026] Nicole Chess

Printed Name of Plaintiff: Nicole Chess, LMFT in Alabama, Texas, & California

### B. For Attorneys

Date of signing: 08/25/2026

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

City State Zip Code

Telephone Number

E-mail Address

MC-025

| SHORT TITLE: Nicole Chess v. Nancy Buckner, et al." in | CASE NUMBER: |
|---|---|

ATTACHMENT *(Number)*: ______________

*(This Attachment may be used with any Judicial Council form.)*

ATTACHMENT TO SECTION I.B: MASTER LIST OF GOVERNMENT DEFENDANTS [1.3]Defendant 1: Nancy Buckner (Commissioner, Alabama DHR) — Official Capacity Only [2.1]Defendant 2: Kristen Richards (Director, DeKalb County DHR) — Official and Individual Capacity [2.1]Defendant 3: Jennifer Benefield (Social Worker, DeKalb County DHR) — Official and Individual Capacity [2.1]Defendant 4: Jennifer Cortina (Client Representative, DeKalb County DHR) — Official and Individual Capacity [1.2, 2.1]Defendant 5: Laura Garcia / Morales (Investigative Caseworker, DeKalb County DHR) — Official and Individual Capacity [1.2, 2.1]Defendant 6: Chris Hairston (Attendance Supervisor, DeKalb County Board of Education) — Official and Individual Capacity [2.1]Defendant 7: Nick Ledbetter (Principal, Plainview High School) — Official and Individual Capacity [2.1]Defendant 8: Superintendent Wayne Lyles (DeKalb County Public Schools) — Official Capacity Only [2.1]Defendant 9: DeKalb County, Alabama (Municipal Government Institution) — Official Capacity Only [2.1]Defendant 10: John Doe (Unidentified Local Police Officer) — Official and Individual Capacity [1.2, 2.1]

Nicole Chess

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page ______ of ______

*(Add pages as required)*

MC-025

| SHORT TITLE: Nicole Chess v. Nancy Buckner, et al." in | CASE NUMBER: |
|---|---|

ATTACHMENT (Number): _______________

*(This Attachment may be used with any Judicial Council form.)*

ATTACHMENT TO SECTION III.C: CHRONOLOGICAL STATEMENT OF FACTS [1.3]

1. PLAINTIFF'S CONSTITUTIONAL RIGHTS: Plaintiff Nicole Chess is a licensed clinical professional who holds fundamental, protected parental rights and educational directory rights over her minor children under the Fourteenth Amendment to the United States Constitution [1.2].2. THE CROSS-JURISDICTIONAL PROXY CAMPAIGN: Private proxy family actors initiated a malicious, cross-jurisdictional campaign using interstate wire communications to transmit falsified custody summaries and text logs from California to Alabama with the specific bad-faith intent to fracture Plaintiff's career, freeze her business assets, and cut off her parental access [1.2, 1.3].3. THE UNCONSTITUTIONAL STATE BLOCKADE: Upon receipt of these out-of-state fabrications, DeKalb County DHR operators, including Director Kristen Richards and Case Worker Jennifer Benefield, acted with deliberate indifference, refusing to review Plaintiff's certified evidence folders, and executed an unconstitutional parental blockade without due process of law [1.2, 1.3].4. SYSTEMIC SECOVERY AND CONCEALMENT OF DATA: DHR field operators, including Jennifer Cortina and Laura Garcia, physically removed the minor children, completely refused to provide necessary case information, and actively kept Plaintiff in the dark while doing absolutely nothing to obtain her kids' real folders or records [1.2]. Furthermore, CANS Director Stacey McClendon demonstrated gross misconduct and deliberate indifference by inappropriately laughing at indecent photographs involving a designated foster parent, reflecting the systemic bias within the department.5. PUBLIC SCHOOL COMPLIANCE CONSPIRACY: DeKalb County Board of Education officials, including Attendance Supervisor Chris Hairston and Plainview High School Principal Nick Ledbetter, actively participated in this blockade by unlawfully withholding the minor children's educational and medical files, violating federal directory laws and parental notice mandates.6. DISABILITY DISCRIMINATION AND SCHOOL MISTREATMENT: Public school compliance operators and private school proxies, including administrators at Plainview High and Cornerstone Christian Academy, actively discriminated against the minor child, Cole, by completely denying his lawful disability accommodations and Individual with Disabilities Education Act (IDEA) protections for ADHD, subjecting him to severe administrative mistreatment and emotional distress.7. REJECTION OF EVIDENCE AND COERCED COOPERATION: These county workers knowingly and maliciously presented incomplete files to the local court to secure a fraudulent restriction line, while private medical actors, including Dr. Richard Grant, willfully withheld essential clinical files to perpetuate the blockade. Private child custody lawyer Patrick Tate Jr. and private therapist Dupree directly intersected with these state actors to enforce the unconstitutional blockade.Furthermore, an unidentified John Doe law enforcement officer subjected the Plaintiff to an unconstitutional, unreasonable strip search inside a closet under color of state law [1.2, 1.3]. Physical records formally document that private school athletic coach Jason Monroe actively participated in this interference, transmitting deceptive text messages to Plaintiff's minor daughter stating: "I have no power, you have to go to Ms. Case," utilizing an intentional, pre-arranged private code word designed to disguise the hidden involvement of DHR and proxy actor Amanda Baldwin [1.3].8. RETALIATORY CAMPAIGN AND ENTIRE PROPERTY LOSS: There was no emergency or lawful justification to separate Plaintiff from her children. The actions were entirely a bad-faith, retaliatory campaign that defamed Plaintiff's clinical standing, intentionally caused immense emotional distress, and directly triggered the total loss of her residential home, her employment revenue, her financial assets, and her licensed professional livelihood [1.2, 1.3].9. DELIBERATE INDIFFERENCE AND DECEPTIVE LEGAL CONCEALMENT: Despite multiple mandated reporters having direct administrative knowledge of this cross-jurisdictional interference, the defendants acted under a continuous custom, policy, and practice of deliberate indifference, failing to intervene, which directly resulted in severe, horrific, and ongoing constitutional damages to the Plaintiff's household baseline [1.2, 1.3].Written records formally document that during the height of these enforcement actions, legal proxy actor Felicia Brooks initiated a deceptive phone call to the Plaintiff on August 13 at 2:20 PM, where she intentionally concealed her professional identity and failed to identify herself as an attorney to actively advance the ongoing multi-state concealment campaign [1.3]."

Nicole Chess

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page _____ of _____

*(Add pages as required)*

MC-025

| SHORT TITLE: Nicole Chess v. Nancy Buckner, et al." in | CASE NUMBER: |
|---|---|

**ATTACHMENT** *(Number)*: ______________

*(This Attachment may be used with any Judicial Council form.)*

ATTACHMENT TO SECTION I.B: MASTER LIST OF GOVERNMENT DEFENDANTS [1.3]Defendant 1: Nancy Buckner (Commissioner, Alabama DHR) — Official Capacity Only [2.1]Defendant 2: Kristen Richards (Director, DeKalb County DHR) — Official and Individual Capacity [2.1]Defendant 3: Stacey McClendon (CANS Director, DeKalb County DHR) — Official and Individual Capacity [2.1]Defendant 4: Jennifer Benefield (Social Worker, DeKalb County DHR) — Official and Individual Capacity [2.1]Defendant 5: Jennifer Cortina (Client Representative, DeKalb County DHR) — Official and Individual Capacity [1.2, 2.1]Defendant 6: Laura Garcia / Morales (Investigative Caseworker, DeKalb County DHR) — Official and Individual Capacity [1.2, 2.1]Defendant 7: Chris Hairston (Attendance Supervisor, DeKalb County Board of Education) — Official and Individual Capacity [2.1]Defendant 8: Nick Ledbetter (Principal, Plainview High School) — Official and Individual Capacity [2.1]Defendant 9: Superintendent Wayne Lyles (DeKalb County Public Schools) — Official Capacity Only [2.1]Defendant 10: DeKalb County, Alabama (Municipal Government Institution) — Official Capacity Only [2.1]Defendant 11: John Doe (Unidentified Local Police Officer) — Official and Individual Capacity [1.2, 2.1]ATTACHMENT TO SECTION III.C: CHRONOLOGICAL STATEMENT OF FACTS [1.3]1. PLAINTIFF'S CONSTITUTIONAL RIGHTS: Plaintiff Nicole Chess is a licensed clinical professional who holds fundamental, protected parental rights and educational directory rights over her minor children under the Fourteenth Amendment to the United States Constitution [1.2].2. EXHAUSTION OF STATE ADMINISTRATIVE REMEDIES: Plaintiff formally engaged state-level oversight authorities by filing a verified compliance complaint with State Investigator Archie Maggard at the Alabama State Department of Education (ALSDE), establishing an active investigation into systemic data tampering and educational tracking non-compliance.3. POSSESSION OF ABSOLUTE DOCUMENTATION: Plaintiff possesses absolute physical documentation verifying a cross-jurisdictional civil conspiracy, including time-stamped text messages, cross-entity real estate ledgers, and internal administrative communications proving state actors and private proxies knowingly joined together to dismantle her career and access [1.2, 1.3].4. FIVE-YEAR CROSS-STATE CYBERSTALKING CAMPAIGN: Private proxy family actors, led by John Chess, executed a malicious, multi-year cyber-harassment and digital surveillance campaign utilizing automated tracking spanning five continuous years to target Plaintiff's private home acquisition and dismantle her psychotherapy practice platforms (including Lyra Health).5. RECOVERY OF REAL ESTATE FORENSICS: Conspirators manually tampered with corporate tax registries regarding Plaintiff's home at 2424 County Road 505, Fort Payne, Alabama. While Plaintiff's certified Warranty Deed locks in her true transaction value as $243,900.00, realtors Jennifer Ridgeway and Lora Poore manually submitted a falsified Form 1099-S to the IRS underreporting her proceeds as only $40,613.28 to create a split account ledger, withhold $3,944.08 in excess escrow, and trigger an automatic federal tax audit.6. BACKDATED SYSTEMS TAMPERING AND DATA FORGERY: Conspirators fraudulently backdated database profiles as far back as 2014 to falsely claim that Plaintiff's 92-year-old mother, Collette Joan Chess, resided at the property and supported the children, copying the timeline of previous neighbor Freddy Myron Spurgeon to generate a fake "split record" profile on a house Plaintiff's mother never visited [1.2].7. THE UNCONSTITUTIONAL STATE BLOCKADE: Upon receipt of these out-of-state fabrications, DeKalb County DHR operators, including Director Kristen Richards and Case Worker Jennifer Benefield, acted with deliberate indifference, refusing to review Plaintiff's certified evidence folders, and executed an unconstitutional parental blockade without due process of law [1.2, 1.3].8. MALICIOUS INTRAGENCY MISCONDUCT: DHR CANS Director Stacey McClendon actively participated in the abuse of power, demonstrating gross misconduct and deliberate indifference by inappropriately laughing at indecent photographs involving a designated foster parent, reflecting the systemic bias within the department [1.2, 1.3].9. SECOVERY AND CONCEALMENT OF DATA: DHR field operators, including Jennifer Cortina and Laura Garcia, physically removed the minor children, completely refused to provide necessary case information, and actively kept Plaintiff in the dark while doing absolutely nothing to obtain her kids' real folders or records [1.2, 2.1].10. PUBLIC SCHOOL COMPLIANCE CONSPIRACY: DeKalb County Board of Education officials, including Attendance Supervisor Chris Hairston and Plainview High School Principal Nick Ledbetter, actively participated in this blockade by unlawfully withholding the minor children's educational and medical files, violating federal directory laws and parental notice mandates.11. DISABILITY DISCRIMINATION AND SCHOOL MISTREATMENT: Public school compliance operators and private school proxies, including administrators at Plainview High and Cornerstone Christian Academy, actively discriminated against the minor child, Cole, by completely denying his lawful disability accommodations and Individual with Disabilities Education Act (IDEA) protections for ADHD, subjecting him to severe administrative mistreatment and emotional distress.12. CONSPIRATORIAL SCHOOL INTERFERENCE: Private school athletic coach Jason Monroe operated from within Cornerstone Christian Academy without legal authorization to engage in unauthorized, deceptive communications with the minor child, transmitting text messages stating: "I have no power, you have to go to Ms. Case." This statement utilized a pre-arranged private code word designed to disguise the involvement of DeKalb County DHR and proxy actor Amanda Baldwin [1.3].13. CROSS-ENTITY HEALTHCARE AND INSURANCE FRAUD: Coordinated medical operators holding dual-practicing cross-privileges at Limestone Behavioral Health and Mountain View Hospital executed a fraudulent corporate billing scheme, manufacturing fake ledger rows charging for an inpatient phantom stay for Plaintiff's minor daughter on July 20, 2026, when the minor child was not physically inside the building, to retaliate and distort medical histories [1.2, 1.3].14. CONTRA COSTA WILL RETALIATION AND FABRICATED EXTORTION CLAIMS: Immediately after Plaintiff contacted the Contra Costa County Probate Court regarding her mother's true will, family proxies filed a retaliatory restraining order manufacturing a completely fraudulent accusation falsely claiming that Plaintiff's associate, Mike, was attempting to extort them for $50,000 to conceal their financial manipulation.15. EXTRAJUDICIAL COERCION AND HEARING THREATS: Immediately following an official court hearing on August 14, 2026, Defendant social worker Jennifer Benefield engaged in direct extrajudicial intimidation in the presence of multiple witnesses, maliciously threatening that the agency would intentionally 'keep this case open until after Cole is old enough' to force submission [1.3, 2.1]

Nicole Chess

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page ______ of ______

*(Add pages as required)*

MC-025

| SHORT TITLE: Nicole Chess v. Nancy Buckner, et al." in | CASE NUMBER: |
| --- | --- |

ATTACHMENT (Number): ________________

(This Attachment may be used with any Judicial Council form.)

.16. CONSPIRATORIAL ATTORNEY ABANDONMENT: Simultaneously, during this critical August 14th enforcement action, Plaintiff's legal counsel—whom Plaintiff had just paid a $1,500 installment—abruptly abandoned the Plaintiff on the courtroom floor and deceptively recorded on the official file that the Plaintiff 'agreed' to the unconstitutional state restrictions when she absolutely did not, leaving her completely defenseless [1.2].17. DECEPTIVE LEGAL CONCEALMENT: On August 13 at 2:20 PM, legal proxy actor Felicia Brooks initiated a direct phone call to the Plaintiff, intentionally concealing her professional identity and failing to identify herself as an attorney, utilizing deceptive tactics to gather information and actively perpetuate the ongoing multi-state concealment campaign [1.3].18. WEAPONIZED INTIMIDATION AND DEADLY FORCE THREATS: Private family proxies Greg Chess and Michelle Chess published an explicit death threat on the social media platform Facebook on September 27, 2025, displaying a .44 Magnum handgun paired with the text: "watch out sis", which was deliberately shown to the minor child, Cole, to induce severe terror and enforce the unconstitutional parental blockade [1.2, 1.3].19. RETALIATORY CAMPAIGN AND ENTIRE PROPERTY LOSS: There was no emergency or lawful justification to separate Plaintiff from her children. The actions were entirely a bad-faith, retaliatory campaign that defamed Plaintiff's clinical standing, intentionally caused immense emotional distress, and directly triggered the total loss of her residential home, her employment revenue, her financial assets, and her licensed professional livelihood [1.2, 1.3].20. DELIBERATE INDIFFERENCE: Despite multiple mandated reporters having direct administrative knowledge of this cross-jurisdictional interference, the defendants acted under a continuous custom, policy, and practice of deliberate indifference, failing to intervene, which directly resulted in severe, horrific, and ongoing damages to the Plaintiff's household baseline [1.2, 1.3

Nicole Chess

(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)

Page ______ of ______

(Add pages as required)

(805) 643-6245
SUITE B
35 WEST MAIN STREET
VENTURA CA 93001-4528

LBS
SHP WT: 1 LBS
DATE: 25 AUG 2026

SHIP TO:
US DISTRICT CT FOR THE NORTHEN
(470) 591-3187
CLERK OF THE CART
1729 5TH AVE N

Northern District of Alabama

BIRMINGHAM AL 35203-2022

AL 353 9-01

UPS GROUND
TRACKING #: 1Z A7T 161 42 4653 0348

BILLING: P/P
SIGNATURE REQUIRED

Clerk of the Court
US District Court for the Nothern District of Alabama
Hugh L. Black United States Courthouse
1729 5th Avenue North
Birmingham AL 35203

UPS GROUND
TRACKING #: 1Z A7T 161 42 4653 0348